UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIC WARD                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:15CV393-RHW

LASHAWN COLEMAN et al                                                          DEFENDANTS

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Eric Ward, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. §1983

prisoner civil rights complaint alleging that prison officials failed to protect him from an attack

by other inmates at the South Mississippi Correctional Institution (SMCI).  Doc. [1].  The Court

conducted a screening hearing on April 13, 2016, at which time Plaintiff testified under oath.  *See*

Minute Entry 4/13/2016.  The parties consented to proceed before a United States Magistrate

Judge.  Doc. [18] & [20].  Defendants have filed a motion for summary judgment asserting

sovereign immunity and qualified immunity defenses.  Doc. [41].  Plaintiff also has filed a

motion for summary judgment.  Doc. [39].

**Law and Analysis**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of the

essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other

contested issues of fact are rendered immaterial.  *See Celotex,* 477 U.S. at 323, 106 S. Ct. at

2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of

fact on a motion for summary judgment, the court must view the evidence submitted by the

parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5ᵗʰ Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5ᵗʰ Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5ᵗʰ Cir. 1978).

## **<u>Sovereign Immunity</u>**

Plaintiff has sued each of the Defendants in his or her individual and official capacities. With regard to the claims against Defendants in their official capacities, Defendants argue that they are entitled to sovereign immunity. The Court agrees.

Defendants are all employees of the Mississippi Department of Corrections (MDOC). MDOC is an arm of the State of Mississippi. As such, MDOC and its employees are cloaked with the protection of sovereign immunity from a lawsuit seeking monetary damages. *See* Miss. Code Ann. § 11-46-5(4);  *Am. Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.")) *Williams v.*

2

*Mississippi Dep't of Corr.*, 2012 WL 2052101 at *1-2 (S.D. Miss. 2012)("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment). To the extent that Plaintiff seeks injunctive relief, he is no longer incarcerated; therefore, his claims for injunctive relief are moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Based on the foregoing, the Court finds that Plaintiff's claims against Defendants in their official capacities should be dismissed with prejudice.

### Qualified Immunity

Plaintiff also has sued Defendants in their individual capacities. Defendants assert the defense of qualified immunity as it relates to Plaintiff's failure-to-protect claim. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the summary judgment context, a government official need only plead qualified immunity, which then shifts the burden to the plaintiff. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate a genuine issue of material fact regarding the defendant's reasonableness. *Id.* When assessing a qualified immunity defense the threshold question is whether plaintiff's allegations, if true, establish a constitutional violation, and whether the law at the time was clearly established. *Hope v. Pelzer*, 536 U.S. 730, 736-39 (2002). If the law was clearly established, the court must determine whether the defendants' conduct was objectively reasonable. *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir. 2002).

The only claim asserted in Plaintiff's complaint is that the Defendants failed to protect

him from attack by other inmates.  Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates.  *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).  However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).  An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk.  *Id.* at 837.  An officer's awareness of the risk is evaluated subjectively.  *Longoria*, 473 F.3d at 592-93.  A prison official knows of an excessive risk only if (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists and (2) he in fact draws the inference.  *Id.* at 593.  No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Id.*

Plaintiff has alleged the violation of a federally protected right, namely the right to be protected from violence at the hands of other inmates.  According to Plaintiff, he informed Defendants Henry, Coleman, Taylor and Turner that certain inmates posed a risk of harm to Plaintiff prior to the attack.  Plaintiff further alleges that despite Defendants' actual knowledge of the threat from specifically identified inmates, Defendants placed Plaintiff on the same zone with those inmates.  Plaintiff alleges that shortly after being placed on the zone, the inmates attacked and injured Plaintiff.  Plaintiff also alleges that Defendants Davis and Banks violated his constitutional rights.  He asserts claims against Davis and Banks in their administrative and supervisory capacities in that they failed to follow their own policies, failed to improve

4

procedures, and failed to increase staffing or improve training.

Defendants do not provide any affidavits or other evidence to demonstrate the reasonableness of their actions. Rather, they rely wholly on the allegations in Plaintiff's complaint. In his complaint Plaintiff alleges that while incarcerated at SMCI, he was ordered transferred from A-Zone to B-Zone. Upon learning of the transfer, he told Defendant Henry that he feared for his life if placed on B-Zone, and he requested to see Defendants Coleman and Taylor with regard to the transfer order. Plaintiff alleges that he immediately requested red tags to keep him separate from inmates on B-Zone. Coleman and Taylor asked Plaintiff to provide them with the names of the inmates he feared. Plaintiff provided them with the names of three inmates. Defendants returned Plaintiff to A-Zone while they investigated his claims. After Coleman and Taylor interviewed the inmates identified by Plaintiff, they informed Plaintiff that the three inmates "had no conflict or issue with" Plaintiff. Plaintiff told Coleman and Taylor that the inmates are lying. Coleman and Taylor contacted Defendant Turner and informed him of the situation. Defendant Turner directed that Plaintiff be moved to B-Zone. After being moved to B-Zone, Plaintiff advised Defendant Henry that "he didn't feel right, that something was about to happen--and to please get him off the zone." Shortly after being transferred to B-Zone, Plaintiff allegedly was assaulted and stabbed by two of the inmates identified by Plaintiff prior to his transfer.

Based on Plaintiff's factual allegations, at least some of the Defendants (Coleman, Taylor and Turner) had actual knowledge that Plaintiff feared for his safety from inmates he identified and that he informed Defendants of this concern prior to the assault. The question is whether Defendants' actions in response to the known risk were reasonable. The Court finds that

5

Defendants Coleman, Taylor and Turner are entitled to qualified immunity.  It is undisputed that upon being apprised of the threat, Defendants Coleman and Taylor conducted an investigation. As part of the investigation, they asked Plaintiff for the names of the inmates whom he feared. They then conducted interviews of the inmates identified by Plaintiff.  Defendants Coleman and Taylor took Plaintiff's concerns seriously enough that they returned him to A-Zone until they completed their investigation.  It is also undisputed that the inmates indicated to the investigating officers that they had no conflict or issue with Plaintiff.  Defendant Turner did not order Plaintiff transferred to B-Zone until after he was advised of the results of the investigation.  Actions such as ordering investigations and hearing complaints, although ultimately unsuccessful, are reasonable responses to a perceived risk.  *See Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004); *Thompson v. Eason*, 258 F.Supp.2d 508, 530 (N.D. Tex. 2003)(investigation of claims constitutes evidence that defendants actions were not objectively unreasonable); *Abernathy v. Cook*, 1999 WL 115152, at *1 (9th Cir. Mar. 4, 1999)(upholding qualified immunity defense because defendants made good faith effort to investigate inmate's concerns about his safety and took reasonable steps to ensure inmate's safety).  Defendants took reasonable actions in response to the perceived threat.  In so doing, they were not deliberately indifferent to the risk to Plaintiff's safety.  Based on their investigation, the Defendants held a reasonable but mistaken belief about the threat posed to Plaintiff.  Under such circumstances, the Court finds that the Defendants are entitled to qualified immunity.

With respect to Defendant Henry, Plaintiff alleges that prior to being transferred to B-Zone, he told Henry that he feared for his life and wanted to see Coleman and Taylor about the transfer order.  Henry allowed Plaintiff to talk to Coleman and Henry prior to the transfer.

6

Accordingly, Henry's actions prior to the transfer constituted a reasonable response to Plaintiff's expressed fear.  After being placed in B-Zone, Plaintiff again expressed to Henry a generalized fear that something bad was about to happen.  Such a vague assertion of fear is insufficient to state a cause of action against Defendant Henry for failure to protect.  Moreover, to the extent that Henry was aware of the specific risk posed by the inmates identified by Plaintiff, Henry already had referred the matter to Defendants Coleman and Taylor.  Coleman and Taylor already had conducted an investigation and concluded that the inmates did not pose a risk to Plaintiff. As such, Defendant Henry reasonably relied on the results of Coleman and Taylor's investigation and Defendant Turner's directive to place and keep Plaintiff on B-Zone.

The Court likewise finds that Defendants Davis and Banks are entitled to qualified immunity.  Plaintiff's allegation that Davis and Banks violated their own policies does not state a federal constitutional violation.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  The Court also finds that Plaintiff's claims against Davis and Banks are essentially claims against them in their supervisory capacity.  Plaintiff fails to allege facts demonstrating that either Davis or Banks affirmatively participated in the alleged constitutional deprivation or implemented an unconstitutional policy that causally resulted in the constitutional injury.  *See Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).  Accordingly, the Court finds that Defendants Davis and Banks are entitled to qualified immunity.

### **Plaintiff's Motion for Summary Judgment**

Plaintiff has filed a motion for summary judgment.  Doc. [39].  His motion appears to be nothing more than a recitation of the law without any reference to the particular facts of this case. Plaintiff attached a statement of facts to the memorandum in support of the motion for summary

7

judgment.  Doc. [40-2] at 11-21.  In this document, Plaintiff merely restates the facts that form the basis of his complaint.  The Court finds that Plaintiff's motion should be denied because he fails to demonstrate the absence of a genuine issue of material fact such that he is entitled to recovery on his claims.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [41] Motion for Summary Judgment is GRANTED and that Plaintiff's complaint is hereby dismissed as to all claims and all Defendants.

IT IS FURTHER ORDERED that Plaintiff's [39] Motion for Summary Judgment is DENIED.

SO ORDERED, this the 30th day of November, 2016.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE